UNITED STATES DISTRICT COURT
SOUTHERN DICTRICT OF NEW YORK
------------------------------------------------------------------------X

**JOSE GARCIA,**

Plaintiff,

**Index Number:**
~~25372/6~~

08 CIV. 1270

**NOTICE OF
REMOVAL**

-against-

CITY OF MOUNT VERNON, CITY OF
MOUNT VERNON POLICE DEPARTMENT
AND INDIVIDUALS OF THE CITY OF MOUNT *JUDGE ROBINSON*
VERNON POLICE DEPARTMENT,

Defendants.

------------------------------------------------------------------------X

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1441 *et. seq.* and Local Rule 8 1.1(b), defendants,

CITY OF MOUNT VERNON, CITY OF MOUNT VERNON POLICE DEPARTMENT

AND INDIVIDUALS OF THE CITY OF MOUNT VERNON POLICE DEPARTMENT,

fictitious names, true names Unknown ("Defendants") hereby give notice of the

removal of a civil action entitled:

**JOSE GARCIA**
Plaintiff,

-against-

CITY OF MOUNT VERNON, CITY OF
MOUNT VERNON POLICE DEPARTMENT
AND INDIVIDUALS OF THE CITY OF MOUNT
VERNON POLICE DEPARTMENT
Defendants.

from the Supreme Court of the State of New York, County of Westchester, index No.

25372/07 to the United States District Court for the Southern District of New

York.

The grounds for removal are that the instant matter raises questions of Federal

constitutional law.

As alleged in the Plaintiff's Complaint filed in State Court, a copy of which is

attached as Exhibit "A", the Plaintiff has asserted among other things, that the

Defendants falsely arrested, falsely imprisoned and unreasonable seized all in

violation of his federal civil rights.  Specifically, Plaintiffs expressly alleges that his

rights were violated as a result of the deprivation, under the color of rights guaranteed

by the Fourth and Fourteenth Amendments of the Constitution. As such, jurisdiction

lies in Federal Court for claims arising under 42 USC § 1983, removal is proper.

The removal of the action from State Court is timely. The instant proceeding

was filed with the Clerk of the Supreme Court, Westchester County, on January 17,

2008 and served on the City on January 24, 2008.  Thus, the City hereby makes the

instant removal request within the twentieth day of such filing and receipt of the

Summons and Complaint.

No jury demand was made in the State Court prior to removal.

A copy of the Summons and Verified Complaint is appended to this Notice of

Removal.

Pursuant to Local Rule 81.1(b), within twenty days after the service of this

Notice of Removal the defendants will file a copy of all records and Proceedings of the

State Court with the Clerk of this Court,

Dated: Mount Vernon, New York
      February 7, 2008

          Yours, etc.,
          HELEN M. BLACKWOOD, ESQ.
          CORPORATION COUNSEL

          MICHELLE A. JOHNSON (NAJ7688)
          ASSISTANT CORPORATION COUNSEL
          Attorneys for Defendant
          City of Mount Vernon
          City Hall
          One Roosevelt Square
          Mount Vernon, New York 10550

To:
**PARISI & PATTI, LLP**
Attorney For Plaintiff
200 Mamaroneck Ave, Suite 602
White Plains, New York 10601
(914) 287-0201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X
JOSE GARCIA,

                              Plaintiff,

               -against-

CITY OF MOUNT VERNON, CITY OF MOUNT
VERNON POLICE DEPARTMENT, and
INDIVIDUALS OF THE CITY OF MOUNT VERNON
POLICE DEPARTMENT,

                            Defendants.

----------------------------------------------------------------X

Index No. 07-25372

**VERIFIED COMPLAINT**

The Plaintiff, Jose Garcia, by his attorneys, Parisi and Patti LLP , alleges as his complaint against the Defendants the following:

## PARTIES

1. The Plaintiff, Jose Garcia, is an individual residing in Westchester County, New York.

2. Upon information and belief, the Defendants, City of Mount Vernon and City of Mount Vernon Police Department are municipal agencies which at all times relevant herein were and are operating within the State of New York, and the Individuals of the City of Mount Vernon Police Department, at all times relevant herein, were and are employees of said municipal agencies in the State of New York.

## FACTS PERTAINING TO THE PLAINTIFF

3. On or about February 23, 2007, between 6:30 p.m. to approximately 8:45 p.m., Jose Garcia (Plaintiff) was at Lily's Hair Salon in White Plains NY, for an appointment to have his hair styled.

1

4. After his appointment, Plaintiff left Lily's Hair Salon at approximately 8:45 p.m. and took the 8:51 p.m. bus from White Plains, NY, to Mount Vernon, NY, arriving in Mount Vernon at the Lincoln Avenue stop at approximately 9:16 p.m.

5. Upon exiting the bus at the Lincoln Avenue stop, Plaintiff walked down Lincoln Avenue toward his home located on Sheridan Avenue. At the time he was walking, Plaintiff was listening to music through headphones attached to his iPod nano.

6. Plaintiff noticed two individuals in an unmarked car driving down Lincoln Avenue. The car proceeded slowly past Plaintiff and continued down Lincoln Avenue.

7. At approximately 9:20 p.m. the car returned to the area of Lincoln Avenue, whereupon the two individuals exited the unmarked car and gave chase to Plaintiff.

8. Plaintiff ran away from said individuals in fear of his life.

9. The two individuals giving chase were later identified as two undercover officers of the City of Mount Vernon Police Department, referenced herein as Defendants Individuals of the City of Mount Vernon Police Department (Individuals).

10. Plaintiff had no knowledge that the Individuals chasing him were police officers.

11. Plaintiff was caught by the Individuals, thrown to the street, restrained by both Individuals, hit on the back of the head by at least one of the Individuals, and then handcuffed by the Individuals while still lying on the ground.

12. Plaintiff offered his alibi of his hair appointment.

13. Plaintiff offered the officers the phone number of Lily's Beauty Salon in White Plains at which Plaintiff was present at the exact time the incident for which he was arrested took place in the City of Mount Vernon.

14. Plaintiff offered the telephone number of his Aunt, who could also corroborate his appointment at Lily's Hair Salon.

15. Plaintiff asked to make a phone call, and was told that he could make no phone calls, that the police would make any phone calls.

16. At no time during Plaintiff's time in police custody did the police call Lily's Beauty Salon or Plaintiff's Aunt.

17. The Individuals made no attempt to verify Plaintiff's alibi.

18. The Individuals made no effort to obtain medical attention for a bleeding cut on Plaintiff's wrist, incurred when Plaintiff was thrown to the ground.

19. At least one Individual noticed said cut, and reacted by covering his own hands with protective gloves.

20. As a result of being thrown to the ground by the Individuals, Plaintiff suffered not only injury to his wrist, and but also damage to his Ipod, cellular telephone, and new sneakers.

21. The blow to Plaintiff's head by the police officer caused Plaintiff injury, pain and suffering.

22. Identification of the Plaintiff as the suspect was allegedly made by the alleged Chinese victim, who was sitting in the back of a police vehicle parked on the opposite side of the street from where the Plaintiff was then standing by another marked police vehicle, in handcuffs.

23. Identification of the Plaintiff as the suspect was allegedly made solely on the basis of the clothes he was wearing and the color of his skin. The victim did not identify the Plaintiff as a perpetrator in a subsequent identification.

3

24. After identification by the alleged Chinese victim from the police car, Plaintiff was taken to the Mount Vernon police station, fingerprinted, photographed, and held overnight in a cell, contrary to his will.

25. On or about February 24, 2007, Plaintiff was transferred to the Westchester County Jail at Valhalla.

26. While incarcerated, extensive pictures were taken of Plaintiff's body tattoos.

27. While incarcerated, repeated questioning of Plaintiff occurred, not just about his alleged involvement in the incident under investigation, but also as to gang related issues, of which Plaintiff had no knowledge or familiarity.

28. While incarcerated, Plaintiff was given a physical against his will.

29. While incarcerated, Plaintiff was given an unspecified vaccination, without his consent and with no notification or warnings of possible side effects.

30. Plaintiff was housed with the adult male population of the Valhalla facility until February 26, 2007.

31. As a result of the actions of the above named Defendants in this incident, and additionally as a result of Plaintiff being housed with the adult population at the Valhalla jail, Plaintiff suffered significant emotional trauma, with lifelong impact on his well-being.

32. Plaintiff was charged with Attempted Robbery in the Second Degree (See *People v. Jose Garcia*, Docket No. 07-0846), a charge which was dismissed when Plaintiff appeared in Mount Vernon City Court on March 27, 2007.

33. Plaintiff missed one day of work on Saturday, February 24, 2007, and one day of school on Monday, February 26, 2007.

4

34. Plaintiff was unable to return to his family and home from the evening of February 23, 2007 until the evening of February 26, 2007.

35. Plaintiff incurred five thousand dollars ($5,000.00) in legal fees as a result of the actions of Defendants.

## FACTS PERTAINING TO THE DEFENDANTS

36. The City of Mount Vernon has as one of its functions the duty to supervise and administer the City of Mount Vernon Police Department.

37. Through and with the City of Mount Vernon Police Department, the City of Mount Vernon has a duty to hire, train, and supervise the employees of the City of Mount Vernon Police Department.

38. On behalf of the City of Mount Vernon, the City of Mount Vernon Police Department acts to reduce crime and to establish "better partnerships with the community in addressing crime problems. . ." 2007 State of the City Address, Hon. Mayor Ernest Davis, March 28, 2007, http://www.ci.mount-vernon.ny.us/sotc/transcript-2007.asp.

39. The City of Mount Vernon Police Department has the duty to hire competent professionals, to train and to supervise those professionals, and to assure that those professionals fulfill the obligations of their jobs in compliance with both the New York and United States Constitutions, including but not limited to preserving privacy and liberty interests under the Fourth Amendment and procedural and substantive due process and equal protection rights under the Fourteenth Amendment.

40. Members of the Mount Vernon Police Department have the duty to "respect and protect the rights of individuals and perform their services with honesty, zeal,

5

courage, discretion, fidelity and sound judgment." See Mission Statement, City of

Mount Vernon Police Department, http://www.mountvernonpolice.com

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR NEGLIGENCE

41. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through

and including 41 above, as if fully set forth herein.

42. The Individuals and thereby Defendants had a duty to carry out the responsibilities

of their office in a manner which respected and protected the rights and well-being

of Plaintiff.

43. The Individuals and thereby the Defendants breached their duty to Plaintiff by

failing to identify themselves as police officers, by throwing Plaintiff to the ground,

by injuring Plaintiff's wrist, ipod, phone, and sneakers in the process of throwing

him to the ground, and by hitting and injuring Plaintiff in the head while on top of

Plaintiff for purposes of restraining Plaintiff.

44. Said breach of duty by the Defendants caused Plaintiff to suffer the injuries and

damages listed above.

45. It was clearly foreseeable that said breach of duty would cause Plaintiff to suffer

injury and damages.

46. As a result of the personal injuries and property damage suffered by Plaintiff, caused

by the negligence of the Individuals in their own capacity and as agents of the City

of Mt. Vernon and the City of Mt. Vernon Police Department, by the City of Mt.

Vernon Police Department through their employees, and by the City of Mt. Vernon

through its agency, the City of Mt. Vernon Police Department (hereon referred to

6

collectively as "Defendants"), Plaintiff has suffered damages in an amount that exceeds the jurisdiction of all the lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ASSAULT

47. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through and including 41 and ¶¶ 43 through and including 46 above, as if fully set forth herein.

48. The Individuals intentionally threatened to cause bodily injury to Plaintiff.

49. Plaintiff had a well-founded fear of imminent peril as a result of the actions of the Individuals.

50. There was an apparent ability of the Individuals to carry out the threat of peril under the circumstances, and the Individuals did indeed cause bodily injury to Plaintiff.

51. As a result of the injuries suffered by Plaintiff, caused by the assault by Defendants, Plaintiff has suffered damages in an amount that exceeds the jurisdiction of all the lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR BATTERY

52. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through and including 41, ¶¶ 43 through and including 46 and ¶¶ 48 through and including 51 above, as if fully set forth herein.

53. The Individuals willfully and intentionally made contact with the person of Plaintiff.

7

54. Said contact of the Individuals with the Plaintiff was offensive to Plaintiff and against his will.

55. As a result of the injuries suffered by Plaintiff, caused by his battery by Defendants, Plaintiff has suffered damages in an amount that exceeds the jurisdiction of all the lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR FALSE ARREST

56. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through and including 41, ¶¶ 43 through and including 46, ¶¶ 48 through and including 51, and ¶¶ 53 through and including 55 above, as if fully set forth herein.

57. Plaintiff was falsely arrested and confined by members of the Mount Vernon Police Department for the crime of Attempted Robbery in the Second Degree, as a direct result of the actions of the Individuals and thereby Defendants.

58. As a result of the injuries suffered by Plaintiff, caused by his false arrest by Defendants, Plaintiff has suffered damages in an amount that exceeds the jurisdiction of all the lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

59. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through and including 41, ¶¶ 43 through and including 46, ¶¶ 48 through and including 51, ¶¶ 53 through and including 55, and ¶¶ 57 through and including 58 above, as if fully set forth herein.

60. Defendants intentionally and unlawfully detained Plaintiff over the period from February 23 through February 26, 2007.

61. Plaintiff was conscious of said imprisonment.

62. Plaintiff did not consent to said imprisonment.

63. The confinement was not otherwise privileged.

64. As a result of the injuries suffered by Plaintiff, caused by the false imprisonment of Plaintiff by Defendants, Plaintiff has suffered damages in an amount that exceeds the jurisdiction of all the lower courts.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

65. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through and including 41, ¶¶ 43 through and including 46, ¶¶ 48 through and including 51, ¶¶ 53 through and including 55, ¶¶ 57 through and including 58, and ¶¶ 60 through and including 64 above, as if fully set forth herein.

66. Defendants were responsible for the initiation of the judicial proceeding against the Plaintiff.

67. At the time prosecution was initiated, Defendants had had ample time and opportunity to establish the lack of probable cause for said prosecution, but failed to do so.

68. The judicial proceedings were brought without probable cause. Defendants could simply have called the telephone numbers offered repeatedly by the Plaintiff to establish his alibi, and the lack of probable cause for commencing the proceeding would have been self-evident.

69. Upon failure of the alleged victim to positively identify Plaintiff in the light of day, Defendants still made no effort to verify the alibi claimed by the Plaintiff, proceeding instead to commence criminal proceedings without probable cause.

70. Defendants thereby initiated prosecution without any reasonable or substantiated ground for belief that Plaintiff was guilty.

71. Defendants brought said prosecution in reckless disregard of the rights of Plaintiff.

72. The facts and circumstances surrounding the prosecution of Plaintiff demonstrate malice on the part of Defendants.

73. The judicial proceeding terminated in the Plaintiff's favor with the dismissal of the charges in March of 2007.

74. Defendants were acting under color of state law at the time of the malicious prosecution.

75. Defendants' action deprived Plaintiff of his rights.

76. As a result of the injuries suffered by Plaintiff, caused by the malicious prosecution of the Plaintiff by Defendants, Plaintiff has suffered damages in an amount that exceeds the jurisdiction of all the lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S PRIVACY AND LIBERTY INTERESTS
## UNDER NEW YORK STATE AND UNDER THE FOURTH AMENDMENT

77. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through and including 41, ¶¶ 43 through and including 46, ¶¶ 48 through and including 51, ¶¶ 53 through and including 55, ¶¶ 57 through and including 58, ¶¶ 60 through and including 64, and ¶¶ 66 through and including 76 above, as if fully set forth herein.

78. Plaintiff was taken into custody, imprisoned, physically detained, seized and subjected to criminal prosecution by Defendants.

79. The seizure and detention of Plaintiff by Defendants on or about February 23 through February 26 of 2007, pursuant to legal process, violated Plaintiff's right to

be free of unreasonable and unwarranted seizure and restraints on his personal

liberty.

80. As a result of the injuries suffered by Plaintiff, caused by the violation of Plaintiff's

privacy and liberty interests by Defendants, Plaintiff has suffered damages in an

amount that exceeds the jurisdiction of all the lower courts.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S DUE PROCESS AND EQUAL PROTECTION
## RIGHTS UNDER THE NEW YORK STATE CONSTITUTION AND PUBLIC POLICY
## AND UNDER THE FOURTEENTH AMENDMENT

81. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through

and including41, ¶¶ 43 through and including 46, ¶¶ 48 through and including 51,

¶¶ 53 through and including 55, ¶¶ 57 through and including 58, ¶¶ 60 through and

including 64, ¶¶ 66 through and including 76, and ¶¶ 78 through and including 80

above, as if fully set forth herein.

82. Plaintiff had a protected liberty interest in remaining free of unreasonable and

unwarranted seizure and restraints on his personal liberty.

83. Plaintiff 's protected liberty interest in his personal security is a substantive right

under due process.

84. Plaintiff has a protected liberty interest in his right to familial association. Said

substantive due process right was violated by Defendants in interfering with

Plaintiff's right to remain with his family.

85. The deprivation of Plaintiff's protected liberty interests violated his substantive right

under due process.

11

86. The actions of Defendants in depriving Plaintiff of his protected liberty interest were "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protections" (*Anthony v. City of New York*, 339 F3d 129, 143 [2d Cir 2003], quoting *Tenenbaum v. Williams*, 193 F3d 581, 600-601 (2d Cir.,1999).

87. Defendants were deliberately indifferent to, and acted in reckless disregard of, Plaintiff's protected liberty interests.

88. Defendants did not provide fair procedures before denying Plaintiff his protected liberty interest, in violation of the requirements of procedural due process.

89. The decisions made by Defendants in their treatment of Plaintiff throughout this incident were racially motivated, denying him equal protection in violation of the equal protection clauses of the Federal (14th Amendment) and New York State (Article 1, Section 11) Constitutions, as well as a clear violation of the public policy of New York to render justice without regard to race. See *People v. Knowles*, 88 NY2d 763, 769, 673 NE2d 902 (Court of Appeals, 1996).

90. As a result of the injuries suffered by Plaintiff, caused by the violation of Plaintiff's Fourteenth Amendment rights to due process and equal protection by the Defendants, Plaintiff has suffered damages in an amount that exceeds the jurisdiction of all the lower courts.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

91. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through and including 41, ¶¶ 43 through and including 46, ¶¶ 48 through and including 51,

¶¶ 53 through and including 55, ¶¶ 57 through and including 58, ¶¶ 60 through and including 64, ¶¶ 66 through and including 76, ¶¶ 78 through and including 80, and ¶¶ 82 through and including 90 above, as if fully set forth herein.

92. Defendants acted with negligent disregard of Plaintiff's rights and well being and physical safety.

93. Defendants' conduct was negligent and without excuse or justification.

94. Severe emotional distress to Plaintiff by reason of the actions of Defendants was reasonably foreseeable.

95. As a result of the injuries suffered by Plaintiff by reason of the actions of Defendants, he has suffered extreme emotional and mental distress and has suffered damages in an amount that exceeds the jurisdiction of all the lower courts.

**AS AND FOR A TENTH CAUSE OF ACTION
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

96. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 3 through and including 41, ¶¶ 43 through and including 46, ¶¶ 48 through and including 51, ¶¶ 53 through and including 55, ¶¶ 57 through and including 58, ¶¶ 60 through and including 64, ¶¶ 66 through and including 76, ¶¶ 78 through and including 80, ¶¶ 82 through and including 90, and ¶¶ 92 through and including 95 above, as if fully set forth herein.

97. Defendants acted with gross, wanton, willful and reckless disregard of Plaintiff's rights and well being.

98. Defendants conduct was outrageous and without excuse or justification.

99. Severe emotional distress to Plaintiff by reason of Defendants actions was reasonably foreseeable.

100.    By reason of Defendants actions, Plaintiff has suffered extreme emotional and

mental distress.

101.    Defendants' conduct was without excuse or justification.

102.    As a result of the injuries suffered by Plaintiff, caused by the intentional infliction

of emotional distress by Defendants, Plaintiff has suffered damages in an amount

that exceeds the jurisdiction of all the lower courts.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against

each Defendant on each cause of action, together with such other and further relief as this

Court deems to be proper.

Dated: January 17, 2008
      White Plains, NY

                                           Cheryl K. Beece, Esq.
                                           **PARISI & PATTI, LLP**
                                           200 Mamaroneck Ave. Suite 602
                                           White Plains, NY 10601
                                           (914) 287-0201
                                           (914) 287-7384 (Fax)

TO:

      Helen M. Blackwood, Esq.
      City of Mount Vernon Law Department
      City Hall – One Roosevelt Square
      Mount Vernon, NY 10550

14

## VERIFICATION

STATE OF NEW YORK    )
            ) ss.
COUNTY OF WESTCHESTER  )

  The undersigned, as Plaintiff in the within action, being duly sworn, deposes and says:

  He has read the foregoing Complaint and knows the contents thereof, and the same is true

to his knowledge except as to those matters which are therein stated to be alleged on information

and belief, and as to those matters he believes them to be true.

                           _____
                           Jose Garcia

Sworn to before me this 17th day of
January, 2008.


Cheryl K. Beece, Esq.
Notary Public

    CHERYL K. BEECE
  Notary Public, State of New York
    No. 02BE6146369
   Qualified in Putnam County
  Commission Expires May 15, 2010

15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
JOSE GARCIA,

                                    Plaintiff,

                                                        Index No.  07-25372
               -against-
                                                        **CERTIFICATION**

CITY OF MOUNT VERNON, CITY OF MOUNT
VERNON POLICE DEPARTMENT  , and
INDIVIDUALS OF THE CITY OF MOUNT VERNON
POLICE DEPARTMENT,

                                    Defendants.

-------------------------------------------------------------------X


        The undersigned certifies, in accordance with Section 130-1.1(a) of the Rules of the

Chief Administrator that the attached Verified Complaint and all accompanying papers are not

frivolous as defined in Subsection(c) of Section 130-1.1.


Dated:          January 17, 2008
                White Plains, New York



                                    Cheryl K. Beece, Esq.

                                    **PARISI &PATTI, LLP**
                                    200 Mamaroneck Ave. Suite 602
                                    White Plains, New York 10601
                                    (914) 287-0201
                                    (914) 287-7384 (Fax)



                                    16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------X

JOSE GARCIA,

                                        Plaintiff,

                      -against-

CITY OF MOUNT VERNON, CITY OF MOUNT
VERNON POLICE DEPARTMENT, and
INDIVIDUALS OF THE CITY OF MOUNT VERNON
POLICE DEPARTMENT,

                                          Defendants.

-----------------------------------------------------------------X

Index No. 07-25372

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                           )SS.
COUNTY OF WESTCHESTER  )

      Cheryl K. Beece, an attorney duly admitted to practice law before the Courts of New

York State hereby affirms as follows:

1. I am over the age of eighteen (18) years and not a party to the action.

2. On January 22, 2008, I served a true copy of the attached Verified Complaint by

    sending it via Federal Express overnight service, prepaid, in a sealed envelope,

    addressed to the last known address of the addressee as follows:

                Helen M. Blackwood, Esq.
                City of Mount Vernon Law Department
                City Hall – One Roosevelt Square
                Mount Vernon, NY 10550

Dated: White Plains, New York
       January 22, 2008

                                            *Cheryl K. Beece*

                                        Cheryl K. Beece, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER                                     Index No.  07-25372

JOSE GARCIA,

                                                            Plaintiff,

                        -agsinst-

CITY OF MOUNT VERNON, CITY OF MOUNT
VERNON POLICE DEPARTMENT, and
INDIVIDUALS OF THE CITY OF MOUNT VERNON
POLICE DEPARTMENT,

                                                            Defendants.

---

### VERIFIED COMPLAINT
### VERIFICATION
### CERTIFICATION
### AFFIDAVIT OF SERVICE

---

PARISI AND PATTI, LLP
Attorney for Plaintiff
200 Mamaroneck Avenue, Suite 602
White Plains, NY 10601
(914) 287-7374
(914) 287-7384 (Fax)

---

To:              Helen M. Blackwood, Esq.
          City of Mount Vernon Law Department
             City Hall - One Roosevelt Square
             Mount Vernon, NY  10550

---

Dated:   January 17, 2008

        The undersigned attorney certifies pursuant to 22 NYCRR 1301.1 that to the best
of his/her knowledge, information and belief, the annexed document is not frivolous.

                                    Cheryl K. Beece, Esq.

# EXHIBIT "A"
# SUMMONS AND COMPLAINT

**Index No. 25372/07**                                      Year 200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GARCIA, JOSE**

                              Plaintiff

              -against-

**CITY OF MOUNT VERNON, CITY OF**
**MOUNT VERNON POLICE DEPARTMENT**
**AND INDIVIDUALS OF THE CITY OF MOUNT**
**VERNON POLICE DEPARTMENT**
                              Defendants

---

### DEFENDANTS NOTICE OF REMOVAL

---

**HELEN M. BLACKWOOD, ESQ.**
Corporation Counsel

*Attorney for*

*Office and Post Office Address*
City Hall – Roosevelt Square
Mount Vernon, New York 10550
Telephone No.  (914) 665-2366

---

Service of copy of the within                                              is hereby admitted.

Dated,                              _____
                                    Attorney(s) for

---

**PLEASE TAKE NOTICE**

☐    NOTICE OF          *that the within is a (certified) true copy of*                      *2008*
     ENTRY              *entered in the office of the clerk of the within named court on*

☐    NOTICE OF          *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
     SETTLEMENT         *one of the judges of the within named Court,*
                        *at*
                        *on        2008,        at                      M.*

     *Dated:*

                                              Office of the
                                              Corporation Counsel
                        *Attorney for*        *Defendant City of Mount Vernon*
                                              City Hall
                                              Mount Vernon, New York 10550

     To
     Attorney(s) for

**STATE OF NEW YORK, COUNTY OF WESTCHESTER**
**CITY OF MOUNT VERNON**                    ss.:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and

☐   Certification by     certify that the annexed
    Attorney           has been compared by me with the original and found to be a true and complete copy thereof.

☐   Attorney's         say that: I am the attorney of record or of counsel with the attorney(s) of record, for
    Affirmation                              I have read the annexed
                       know the contents thereof and the same are true to my knowledge, except those matters
                       therein which are stated to be alleged on information and belief, and as to those matters
                       I believe them to be true. My belief, as to those matters therein not stated upon knowledge,
                       is based upon the following:

The reason I make this affirmation instead of                    is

I affirm that the foregoing statements are true under penalties of perjury.

Dated:                                  _____
                                        (The name signed must be printed beneath)
                                        **NICHELLE A. JOHNSON**

**STATE OF NEW YORK, COUNTY OF WESTCHESTER**
**CITY OF MOUNT VERNON**                    ss.:

                                        being sworn says: I am

☐   Individual         in the action herein; I have read the annexed
    Verification       know the contents thereof and the same are true to my knowledge, except those matters
                       therein which are stated to be alleged on information and belief, and as to those matters I believe
                       them to be true.

■   Corporate         the           of the City of Mount Vernon a municipal corporation, one of the parties to the
    Verification      action; I have read the annexed **Defendants Notice of Removal**
                      know the contents thereof and the same are true to my
                      knowledge, except those matters therein which are stated to be alleged on information
                      and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: - Information, records and
documents in the possession of officials, Boards, or Departments of the City of Mount Vernon, and from conversations
had with said officials.

Sworn before me on February 7, 2008        _____
                                           **NICHELLE A. JOHNSON**

**STATE OF NEW YORK, COUNTY OF WESTCHESTER**
**CITY OF MOUNT VERNON**                    ss.:

    Cherylnn G. Puma being sworn says: I am not a party to the action, am over 18 years of age and reside at Mount
Vernon, New York

■   Service By         On February 7, 2008 I served a true copy of the annexed **Defendants Notice of Removal**
    Mail              in the following manner:
☐   Personal          by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or
    Service           official depository of the U.S. Postal Service within the State of New York, addressed to the
                      last known address of the addressee(s) as indicated below:

                      by delivering the same personally to the person and at the addresses indicated below:

**To:**

**Parisi & Patti, LLP**
Attorney for Plaintiff
200 Mamaroneck Ave, Suite 602
White Plains, NY 10601

Sworn to before me February 7, 2008        _____
                                           **Cherylnn G. Puma**

STATE OF NEW YORK, COUNTY OF WESTCHESTER
CITY OF MOUNT VERNON                            ss.:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and

☐ Certification by    certify that the annexed
    Attorney          has been compared by me with the original and found to be a true and complete copy thereof.

☐ Attorney's          say that: I am the attorney of record or of counsel with the attorney(s) of record, for
    Affirmation                                                              I have read the annexed
                      know the contents thereof and the same are true to my knowledge, except those matters
                      therein which are stated to be alleged on information and belief, and as to those matters
                      I believe them to be true. My belief, as to those matters therein not stated upon knowledge,
                      is based upon the following:

The reason I make this affirmation instead of                            is

I affirm that the foregoing statements are true under penalties of perjury.

    Dated:                                    _____
                                              (The name signed must be printed beneath)
                                              NICHELLE A. JOHNSON

STATE OF NEW YORK, COUNTY OF WESTCHESTER
CITY OF MOUNT VERNON                 ss.:

                                      being sworn says: I am

☐ Individual          in the action herein; I have read the annexed
    Verification       know the contents thereof and the same are true to my knowledge, except those matters
                      therein which are stated to be alleged on information and belief, and as to those matters I believe
                      them to be true.

■ Corporate           the            of the City of Mount Vernon a municipal corporation, one of the parties to the
    Verification       action; I have read the annexed **Defendants Notice of Removal**
                      know the contents thereof and the same are true to my
                      knowledge, except those matters therein which are stated to be alleged on information
                      and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: - Information, records and
documents in the possession of officials, Boards, or Departments of the City of Mount Vernon, and from conversations
had with said officials.

Sworn before me on February 7, 2008          _____
                                              NICHELLE A. JOHNSON

STATE OF NEW YORK, COUNTY OF WESTCHESTER
CITY OF MOUNT VERNON                 ss.:

    Cherylnn G. Puma being sworn says: I am not a party to the action, am over 18 years of age and reside at Mount
Vernon, New York

■ Service By          On February 7, 2008 I served a true copy of the annexed **Defendants Notice of Removal**
    Mail              in the following manner:
☐ Personal            by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or
    Service           official depository of the U.S. Postal Service within the State of New York, addressed to the
                      last known address of the addressee(s) as indicated below:

                      by delivering the same personally to the person and at the addresses indicated below:

    To:

    **Parisi & Patti, LLP**
    Attorney for Plaintiff
    200 Mamaroneck Ave, Suite 602
    White Plains, NY 10601

Sworn to before me February 7, 2008

_____          _____
NICHELLE JOHNSON                          Cherylnn G. Puma
Notary Public, State of New York
No. 02JO6015226
Qualified in Westchester County
Commission Expires October 26, 2009